IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **REGINA RODRIGUEZ**<br>**North Haledon, NJ** | : | **Civil Action No.** |
| Plaintiff | : | |
| v. | : | |
| **BRACH EICHLER, LLC**<br>**Roseland, NJ** | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

### I.  INTRODUCTION

Plaintiff, Regina Rodriguez, brings this action against her former employer, Brach Eichler, LLC, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("LAD").  Plaintiff was subjected to a sexually and racially discriminatory environment in a workplace that heavily favored white male attorneys over non-white female attorneys.  Despite her track record as a dedicated and high-performing employee, Plaintiff was terminated in January of 2022 under the guise of financial constraints, while each white male attorney in her department was retained.

Plaintiff was discriminated against because of her sex (female) and her race (Hispanic). She seeks all damages allowable by law, including back-pay, front-pay, compensatory, punitive, attorneys' fees and costs, and all other relief that this Court deems appropriate.

### II.  PARTIES

1. Plaintiff, Regina Rodriguez, is an individual and citizen of the State of New Jersey, residing therein in North Haledon, NJ.

2. Defendant Brach Eichler, LLC is organized under the laws of the State of New Jersey with a principal place of business located at 101 Eisenhower Parkway, Roseland, NJ 07068.

3. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

4. At all times material hereto, Defendant was an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

5. At all times material hereto, Defendant employed more than fifteen (15) people.

6. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

### III. JURISDICTION AND VENUE

7. The causes of action set forth in this Complaint arise under Title VII and the LAD.

8. The District Court has subject matter jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331.

9. The District Court has supplemental jurisdiction over Count II (LAD) pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b).

11. On February 18, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), complaining of the various acts of discrimination alleged herein. Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the February 18, 2022 Charge of Discrimination filed with the EEOC (with minor redactions for purposes of electronic filing of confidential/identifying information).

12. On May 25, 2022 the EEEOC issued Plaintiff a Notice of Dismissal and Right to

Sue, informing her that she had the right to bring suit in either Federal or State Court within ninety (90) days of her receipt of the Right to Sue Notice. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of the May 25, 2022 Notice of Right to Sue from the EEOC.

13. Plaintiff has complied with all administrative pre-requisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff was hired by Defendant in September 2018 as an attorney.

15. Plaintiff was assigned to Defendant's personal injury department and reported to Edward Cappozzi (white, male), Partner.

16. Capozzi is the Head of Defendant's personal injury department.

17. Capozzi reports to John Fanburg (white, male), Partner and Chief Executive Officer.

18. Plaintiff was a dedicated and high-performing employee.

19. Plaintiff was not once issued any form of disciplinary action.

20. During her employment with Defendant, Plaintiff was the only female attorney reporting to Capozzi and was also the only non-white attorney reporting to Capozzi.

21. Defendant has an under-representation of Hispanic attorneys.

22. Plaintiff heard Capozzi refer to women as "whores."

23. Plaintiff heard Capozzi refer to women as "bitches."

24. Plaintiff heard Capozzi refer to Maria Bouhoutsos (white, female), Paralegal, as a "hog beast."

25. Plaintiff heard Capozzi refer to Candice Rios (Hispanic, female), Paralegal, as a

"pig monster."

26. Within Defendant's personal injury department, Capozzi created a "boy's club" culture that was hostile and dismissive towards Plaintiff and other non-white female employees, while favoring Defendant's white male attorneys. By way of example, and without limitation:

a. Plaintiff was assigned lower-level cases and tasks while white male attorneys were assigned larger, more lucrative cases and tasks.

b. Plaintiff was never given the opportunity to try cases or develop trial skills.

c. Defendant sent white male attorneys in the personal injury department to a weeklong seminar in California with a trial consultant. Plaintiff was the only attorney in the personal injury department that was not invited to go to the seminar.

d. Male attorneys in the personal injury department went out to bars and strip clubs together.

e. Plaintiff was excluded from meetings and communications related to her job duties.

f. When Plaintiff won a contest for settling the most cases in the personal injury department, Plaintiff was given a smaller monetary award than what had been advertised as the award for the attorney who settled the most cases.

g. Plaintiff was required to take calls on holidays, weekends, and on vacation, while white male attorneys were not required to do the same.

h. White male attorneys were paid for each new client lead retained, while Plaintiff was not, despite Plaintiff having retained new client leads on her own.

i. For most of Plaintiff's employment, Plaintiff was not provided with the support of a paralegal, while certain white male attorneys had two (2) paralegals.

27. During her employment with Defendant, Capozzi failed to hire any female or Hispanic attorneys.

28. In October 2020, Defendant hired Daniel Leone (white, male) as an attorney in the personal injury department.

29. Despite Plaintiff having more seniority than Leone in the personal injury

department, Leone was assigned higher-level cases and tasks by Capozzi and had two paralegals assigned to him.

30. Leone was also given the opportunity to try cases and develop trial skills.

31. In October 2020, Defendant hired Dario Gavilanez (Hispanic, male), Paralegal, and Bianca Feliciano (Hispanic, female), Paralegal. Defendant conducted background checks on these Hispanic employees that were more extensive than the background checks Defendant conducted on white employees.

32. In June 2021, Defendant hired Esmeylin Delarosa (Hispanic, female), Receptionist. Capozzi asked her, in a sarcastic and demeaning manner, whether she knew how to spell and if she knew the difference between "axed" and "asked."

33. On October 25, 2021, Defendant re-assigned Plaintiff's litigation cases to Jeremy Hylton (male, white).

34. On January 25, 2022, in a meeting with Capozzi, Harry Katz, Director of Human Resources, and Kristen Wrona, Human Resources Representative, Defendant terminated Plaintiff's employment, effective immediately.

35. Defendant's stated reason for Plaintiff's termination was that Defendant had not been doing well financially and did not have much work.

36. Plaintiff was the only attorney who was terminated on January 25, 2022.

37. Defendant retained all other attorneys reporting to Capozzi, all of whom were white and male.

38. At the time of Plaintiff's termination, the following attorneys reported to Capozzi.

   a. Alex Capozzi (male, white), Associate Attorney;
   b. Kristofer Petri (male, white), Associate Attorney;
   c. Corey Dietz (male, white), Associate Attorney;
   d. Jeremy Hylton (male, white), Associate Attorney;

      e.   Daniel Leone (male, white), Associate Attorney.

39. Plaintiff was not provided with any opportunity to remain employed at Defendant.

40. Subsequent to Plaintiff's termination, Defendant hired Peter Agostini, a white male attorney, to work in the personal injury department.

41. Defendant terminated Plaintiff's employment because of her sex and/or her race.

42. Defendant subjected Plaintiff to a hostile work environment because of her sex and/or race.

43. The discriminatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of her employment had been altered and that a hostile work environment existed on account of her sex and/or race.

44. As a direct and proximate result of the discriminatory conduct of Defendant, including the hostile work environment to which Plaintiff was subjected, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

### COUNT I – Title VII

45. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

46. By committing the foregoing acts of discrimination, including subjecting Plaintiff to a hostile work environment and terminating her employment, Defendant has violated Title VII.

47. Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

48. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

50. No previous application has been made for the relief requested herein.

## COUNT II – LAD

51. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

52. By committing the foregoing acts of discrimination, including subjecting Plaintiff to a hostile work environment and terminating her employment, Defendant has violated the LAD.

53. Members of Defendant's upper management were directly involved in and/or willfully indifferent to the discrimination and retaliation set forth herein, including the hostile work environment to which Plaintiff was subjected, and its conduct was especially egregious, thus warranting the imposition of punitive damages.

54. As a direct and proximate result of Defendant's violation of the LAD, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

56. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Regina Rodriguez, and against Defendant:

a) declaring the acts and practices complained of herein to be in violation of Title VII;

b) declaring the acts and practices complained of herein to be in violation of the LAD;

c) enjoining and restraining permanently the violations alleged herein;

d) awarding damages to Plaintiff for the past and future economic losses that she has suffered;

e) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

f) awarding punitive damages to Plaintiff;

g) awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

h) granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Dated: August 19, 2022   BY:   /s/ Daniel S. Orlow
Daniel S. Orlow, Esq.
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
(215) 545-7676
Attorneys for Plaintiff, Regina Rodriguez.