**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **REGINA RODRIGUEZ**<br>**North Haledon, NJ**<br><br>Plaintiff<br>v.<br><br>**BRACH EICHLER, LLC**<br>**Roseland, NJ**<br><br>Defendant | **Civil Action No. 22-05126**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiff, Regina Rodriguez, brings this action against her former employer, Brach Eichler, LLC, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq*. ("LAD"); and Section 1981 of the Civil Rights Act of 1866, 42 US.C. § 1981 *et seq*. ("Section 1981"). Plaintiff was subjected to a sexually and racially discriminatory environment in a workplace that heavily favored white male attorneys over non-white female attorneys. Despite her track record as a dedicated and high-performing employee, Plaintiff was terminated in January of 2022 under the guise of financial constraints, while each white male attorney in her department was retained.

Plaintiff was discriminated against because of her sex (female) and her race (Hispanic). She seeks all damages allowable by law, including back-pay, front-pay, compensatory, punitive, attorneys' fees and costs, and all other relief that this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Regina Rodriguez, is an individual and citizen of the State of New Jersey, residing therein in North Haledon, NJ.

2. Defendant Brach Eichler, LLC is organized under the laws of the State of New Jersey with a principal place of business located at 101 Eisenhower Parkway, Roseland, NJ 07068.

3. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

4. At all times material hereto, Defendant was an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

5. At all times material hereto, Defendant employed more than fifteen (15) people.

6. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## III. JURISDICTION AND VENUE

7. The causes of action set forth in this Complaint arise under Title VII, the LAD, and Section 1981.

8. The District Court has subject matter jurisdiction over Count I (Title VII) and Count III (Section 1981) pursuant to 28 U.S.C. § 1331.

9. The District Court has supplemental jurisdiction over Count II (LAD) pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b).

11. On February 18, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), complaining of the various acts of discrimination

alleged herein. Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the February 18, 2022 Charge of Discrimination filed with the EEOC (with minor redactions for purposes of electronic filing of confidential/identifying information).

12. On May 25, 2022 the EEEOC issued Plaintiff a Notice of Dismissal and Right to Sue, informing her that she had the right to bring suit in either Federal or State Court within ninety (90) days of her receipt of the Right to Sue Notice. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of the May 25, 2022 Notice of Right to Sue from the EEOC.

13. Plaintiff has complied with all administrative pre-requisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff was hired by Defendant in September 2018 as an attorney.

15. Plaintiff was assigned to Defendant's personal injury department and reported to Edward Cappozzi (white, male), Partner.

16. Capozzi is the Head of Defendant's personal injury department.

17. Capozzi reports to John Fanburg (white, male), Partner and Chief Executive Officer.

18. Plaintiff was a dedicated and high-performing employee.

19. Plaintiff was not once issued any form of disciplinary action.

20. During her employment with Defendant, Plaintiff was the only female attorney reporting to Capozzi and was also the only non-white attorney reporting to Capozzi.

21. Defendant has an under-representation of Hispanic attorneys.

22. Plaintiff heard Capozzi refer to women as "whores."

23. Plaintiff heard Capozzi refer to women as "bitches."

24. Plaintiff heard Capozzi refer to Maria Bouhoutsos (white, female), Paralegal, as a "hog beast."

25. Plaintiff heard Capozzi refer to Candice Rios (Hispanic, female), Paralegal, as a "pig monster."

26. Within Defendant's personal injury department, Capozzi created a "boy's club" culture that was hostile and dismissive towards Plaintiff and other non-white female employees, while favoring Defendant's white male attorneys. By way of example, and without limitation:

a. Plaintiff was assigned lower-level cases and tasks while white male attorneys were assigned larger, more lucrative cases and tasks.

b. Plaintiff was never given the opportunity to try cases or develop trial skills.

c. Defendant sent white male attorneys in the personal injury department to a week-long seminar in California with a trial consultant. Plaintiff was the only attorney in the personal injury department that was not invited to go to the seminar.

d. Male attorneys in the personal injury department went out to bars and strip clubs together.

e. Plaintiff was excluded from meetings and communications related to her job duties.

f. When Plaintiff won a contest for settling the most cases in the personal injury department, Plaintiff was given a smaller monetary award than what had been advertised as the award for the attorney who settled the most cases.

g. Plaintiff was required to take calls on holidays, weekends, and on vacation, while white male attorneys were not required to do the same.

h. White male attorneys were paid for each new client lead retained, while Plaintiff was not, despite Plaintiff having retained new client leads on her own.

i. For most of Plaintiff's employment, Plaintiff was not provided with the support of a paralegal, while certain white male attorneys had two (2) paralegals.

27. During her employment with Defendant, Capozzi failed to hire any female or

Hispanic attorneys.

28. In October 2020, Defendant hired Daniel Leone (white, male) as an attorney in the personal injury department.

29. Despite Plaintiff having more seniority than Leone in the personal injury department, Leone was assigned higher-level cases and tasks by Capozzi and had two paralegals assigned to him.

30. Leone was also given the opportunity to try cases and develop trial skills.

31. In October 2020, Defendant hired Dario Gavilanez (Hispanic, male), Paralegal, and Bianca Feliciano (Hispanic, female), Paralegal. Defendant conducted background checks on these Hispanic employees that were more extensive than the background checks Defendant conducted on white employees.

32. In June 2021, Defendant hired Esmeylin Delarosa (Hispanic, female), Receptionist. Capozzi asked her, in a sarcastic and demeaning manner, whether she knew how to spell and if she knew the difference between "axed" and "asked."

33. On October 25, 2021, Defendant re-assigned Plaintiff's litigation cases to Jeremy Hylton (male, white).

34. On January 25, 2022, in a meeting with Capozzi, Harry Katz, Director of Human Resources, and Kristen Wrona, Human Resources Representative, Defendant terminated Plaintiff's employment, effective immediately.

35. Defendant's stated reason for Plaintiff's termination was that Defendant had not been doing well financially and did not have much work.

36. Plaintiff was the only attorney who was terminated on January 25, 2022.

37. Defendant retained all other attorneys reporting to Capozzi, all of whom were white

and male.

38. At the time of Plaintiff's termination, the following attorneys reported to Capozzi.

a. Alex Capozzi (male, white), Associate Attorney;
b. Kristofer Petri (male, white), Associate Attorney;
c. Corey Dietz (male, white), Associate Attorney;
d. Jeremy Hylton (male, white), Associate Attorney;
e. Daniel Leone (male, white), Associate Attorney.

39. Plaintiff was not provided with any opportunity to remain employed at Defendant.

40. Subsequent to Plaintiff's termination, Defendant hired Peter Agostini, a white male attorney, to work in the personal injury department.

41. Defendant terminated Plaintiff's employment because of her sex and/or her race.

42. Defendant subjected Plaintiff to a hostile work environment because of her sex and/or race.

43. The discriminatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of her employment had been altered and that a hostile work environment existed on account of her sex and/or race.

44. As a direct and proximate result of the discriminatory conduct of Defendant, including the hostile work environment to which Plaintiff was subjected, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I – Title VII**

45. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

46. By committing the foregoing acts of discrimination, including subjecting Plaintiff to a hostile work environment and terminating her employment, Defendant has violated Title VII.

47. Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

48. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

50. No previous application has been made for the relief requested herein.

**COUNT II – LAD**

51. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

52. By committing the foregoing acts of discrimination, including subjecting Plaintiff to a hostile work environment and terminating her employment, Defendant has violated the LAD.

53. Members of Defendant's upper management were directly involved in and/or willfully indifferent to the discrimination and retaliation set forth herein, including the hostile work environment to which Plaintiff was subjected, and its conduct was especially egregious, thus warranting the imposition of punitive damages.

54. As a direct and proximate result of Defendant's violation of the LAD, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

56. No previous application has been made for the relief requested herein.

**COUNT III – SECTION 1981**

57. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

58. Defendant discriminated against Plaintiff on the basis of her race in connection with the enjoyment of all benefits, privileges, terms, and conditions of a contractual relationship and in connection with the termination of the contractual relationship, in violation of 42 U.S.C. §1981.

59. Defendants acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

60. As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory and unlawful acts unless and until the Court grants the relief requested herein.

62. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Regina Rodriguez, and against Defendant:

a) declaring the acts and practices complained of herein to be in violation of Title VII;

b) declaring the acts and practices complained of herein to be in violation of the LAD;

c) declaring the acts and practices complaints of herein to be in violation of Section 1981;

d) enjoining and restraining permanently the violations alleged herein;

e) awarding damages to Plaintiff for the past and future economic losses that she has suffered;

f) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

g) awarding punitive damages to Plaintiff;

h) awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

i) granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Dated: February 6, 2023 BY: ____________________

Daniel S. Orlow, Esq.
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
(215) 545-7676
Attorney for Plaintiff, Regina Rodriguez.

# EXHIBIT A

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q FEPA<br>**X** EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: | | |

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Regina Rodriguez** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>redacted |
|---|---|

| STREET ADDRESS<br>redacted | CITY, STATE AND ZIP<br>North Haledon, NJ 07508 | DATE OF BIRTH<br>redacted |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Brach Eichler LLC** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(973) 228-5700 |
|---|---|---|
| STREET ADDRESS<br>101 Eisenhower Pkwy | CITY, STATE AND ZIP<br>Roseland, NJ 07068 | COUNTY<br>Essex |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>**X** Race Q Color **X** Sex Q Religion Q National Origin<br>Q Retaliation Q Age Q Disability Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest* *Latest* 01/25/2022 |
|---|---|

**The Particulars Are:**

A. 1. Relevant Work History

I was hired by Respondent on or about September 17, 2018. I last held the position of Associate Attorney. I reported to Edward Capozzi (male, white), Partner and Head of Personal Injury Department. E. Capozzi reported to John Fanburg (male, white), Partner and Chief Executive Officer.

Respondent subjected me to a hostile work environment and terminated my employment because of my sex and/or my race.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly-competent manner.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 2/18/2022 Charging Party (*Signature*):<br>Regina A. Rodriguez | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

2. Harm Summary

I have been discriminated against because of my sex (female) and my race (Hispanic). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) Respondent has an underrepresentation of female Attorneys.

(b) Respondent has an underrepresentation of nonwhite Attorneys.

(c) I was the only female Attorney employee reporting to E. Capozzi.

(d) I was the only nonwhite Attorney employee reporting to E. Capozzi.

(e) I was the first and only female Attorney that E. Capozzi hired.

(f) I was the first and only Hispanic Attorney that E. Capozzi hired.

(g) I heard that E. Capozzi never wanted to hire a female Attorney.

(h) In addition to me, at the time of my termination, the following employees reported to E. Capozzi. I was qualified, if not more qualified, to perform each of these employee's positions.

i) Alex Capozzi (male, white), Associate Attorney;
ii) Kristofer Petri (male, white), Associate Attorney;
iii) Corey Dietz (male, white), Associate Attorney;
iv) Jeremy Hylton (male, white), Associate Attorney;
v) Daniel Leone (male, white), Associate Attorney.

(i) I heard E. Capozzi refer to women as whores.

(j) I heard E. Capozzi refer to women as bitches.

(k) I heard E. Capozzi refer to Maria Bouhoutsos (white, female), Paralegal, as a "hog beast."

(l) I heard E.Capozzi refer to Candice Rios (Hispanic, female), Paralegal, as a "pig monster."

(m) Male Attorneys went out to bars and strip clubs together.

(n) In October 2020, Respondent hired Leone (male, white).

(o) In October 2020, when Dario Gavilanez (Hispanic, male), Paralegal, and Bianca Feliciano (Hispanic, female), Paralegal, were hired, Respondent conducted background checks on them, which were more extensive than the background checks Respondent conducted on white employees. Lisa Cardillo (white, female), Paralegal, stated that she was glad Respondent did not conduct a background check on her daughter, Nicole Accardi (white, female), Paralegal, because she would not have been hired.

(p) In June 2021, when Respondent hired Esmeylin Delarosa (Hispanic, female), Receptionist, E. Capozzi asked whether she knew how to spell and if she knew the difference between "axed" and "asked."

(q) E. Capozzi treated me in a hostile and dismissive manner, differently and worse than he treated white, male employees.

(r) I was assigned lower-level cases and tasks while white, male Attorneys were assigned bigger, more lucrative cases and tasks.

(s) I was never given the opportunity to try or learn to try cases.

(t) Respondent sent the white male Associate Attorneys in the Personal Injury department to a weeklong seminar with a trial consultant in California.

(u) I was the only attorney in the Personal Injury department that was not invited to go to the seminar.

(v) I was excluded from meetings and communications related to my job duties.

(w) When I won a contest for settling the most cases, I was given a lesser monetary award that was advertised as the award for the Attorney who settled the most cases.

(x) I was required to work and take calls on holidays, weekends, and when I was on vacation, while white male employees were not required to do the same.

(y) White male employees were paid for each new client lead retained, while I was not, despite my having retained new client leads.

(z) I was belittled.

(aa) My performance was unjustly criticized.

(bb) I was not recognized or acknowledged for my work unlike white male Attorneys were.

(cc) For most of my employment, I did not have a paralegal.

(dd) I was the only Attorney without a paralegal.

(ee) Some white male Attorneys had two (2) paralegals when I had no paralegal.

(ff) I was piled on with more work than white male Attorneys.

(gg) Certain of my cases were removed from me and assigned to white male Attorneys.

(hh) I settled more cases than white male Attorneys settled.

(ii) On or about September 26, 2021, after my sister, Valetina Ramos (Hispanic, female), Paralegal Manager, resigned from Respondent, E. Capozzi asked me what my intentions were regarding my employment. I understood him to be asking me whether I intended to remain employed with Respondent or resign. I stated that I intended to remain employed with Respondent.

(jj) On October 25, 2021, E. Capozzi removed my litigation cases from me and assigned them to Hylton (male, white). I was more qualified to handle my cases than the white male Attorney to whom they were assigned.

(kk) On January 25, 2022, in a meeting with E. Capozzi, Harry Katz (white, male), Director of Human Resources, and Kristen Wrona, Human Resources Representative, Respondent terminated my employment, effective immediately. The

stated reason was that Respondent had not been doing well financially and did not have much work. This was false. I stated that I had settled the most cases in the Personal Injury department. E. Capozzi responded that I only settled the small cases. I replied that I was only assigned the small cases and that I settled most of them. I complained that I was being discriminated against. Respondent did not deny the same.

(ll) Respondent terminated my employment because of my sex and/or my race.

(mm) Respondent failed to complete my annual attorney registration for 2022 but completed the white male Attorneys' annual attorney registration.

(nn) Respondent subjected me to a hostile work environment because of my sex and/or my race.

(oo) I had no opportunity to remain employed with Respondent.

(pp) I was the only employee who was terminated on January 25, 2022.

(qq) Respondent retained all other Attorneys reporting to E. Capozzi—all of whom were white and male.

(rr) Respondent assigned my job duties to white male Attorneys. I was more qualified to perform my job duties than the white male Attorneys to whom Respondent assigned my job duties.

(ss) Respondent failed to remedy or prevent the sex and race discrimination to which I was subjected.

(tt) I had no performance or disciplinary issues throughout my employment.

(uu) Respondent has terminated and/or pushed out numerous female and/or Hispanic employees, including Aleek Rodriguez, Bianca Feliciano, Candice Rios, Dario Gavilanez, Emma Colon, Erica Novoa, Jocelin Castillo, Luz Alicea, Maria Planten, Solvin McLaughlin, Yolanda Silverio, and Valentina Ramos.

(vv) Respondent's sex and race discriminatory conduct and comments have caused me emotional distress.

(ww) Respondent did not target or treat in the same way similarly-situated male and/or white employees.

B. 1. Respondent's Stated Reasons

(a) Respondent's stated reason for terminating my employment, that Respondent had not been doing well financially and did not have much work, is pretext for sex and/or race discrimination.

(b) Respondent provided no explanation for subjecting me to a hostile work environment because of my sex and/or race.

(c) Respondent provided no explanation for failing to remedy or prevent the sex and race discrimination against me.

C. 1. Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my sex (female) and my race (Hispanic), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), as set forth herein.

# EXHIBIT B

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/25/2022

**To:** Regina Rodriguez
redacted
Haledon, NJ 07508

Charge No: 530-2022-02859 — Regina Rodriguez v Brach Eichler LLC

EEOC Representative and phone#: Legal, (267) 589-9707

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2022-02859.

On behalf of the Commission

Karen McDonough

May 25, 2022

**Karen McDonough**
**Enforcement Manager**