## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINA RODRIGUEZ,<br><br>　　　*Plaintiff*,<br><br>v.<br><br>BRACH EICHLER, LLC,<br><br>　　　*Defendant*. | Civil Action No.: 2:22-cv-05126-JXN-ESK<br><br>**(Document Electronically Filed)** |

### ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Brach Eichler, LLC ("Defendant"), by and through the undersigned counsel, hereby responds to the First Amended Complaint filed by Plaintiff, Regina Rodriguez ("Plaintiff"), as follows:

### I.　AS TO INTRODUCTION

Inasmuch as certain allegations contained in this paragraph do not constitute a factual assertion but state a legal conclusion for which no response is required, Defendant makes no answer thereto except to deny any wrongdoing. Defendant denies any allegations of discriminatory conduct.

### II.　AS TO PARTIES

1. The Defendant is without information to either affirm or deny the allegation and leaves Plaintiff to her proofs.

2. The Defendant admits the allegations of Paragraph 2.

3. The Defendant admits the allegations of Paragraph 3.

4. The Defendant admits the allegations of Paragraph 4.

5. The Defendant admits the allegations of Paragraph 5.

6. The Defendant admits the allegations of Paragraph 6.

**III.    AS TO JURISDICTION AND VENUE**

  7. The Defendant admits the allegations of Paragraph 7.

  8. The Defendant admits the allegations of Paragraph 8.

  9. The Defendant admits the allegations of Paragraph 9

  10. The Defendant admits the allegations of Paragraph 10.

  11. The Defendant admits the allegations of Paragraph 11.

  12. The Defendant admits the allegations of Paragraph 12.

  13. The Defendant is without information to either affirm or deny the allegation and leaves Plaintiff to her proofs relating to any facts alleged in Paragraph 13.

**IV.    AS TO FACTUAL ALLEGATIONS**

  14. The Defendant admits that in or around September 2018, Plaintiff was hired as an associate attorney to work in the Defendant's Personal Injury Practice as an entry level attorney without experience in handling trial work.

  15. The Answer to Paragraph 14 is repeated here as if fully set forth.  The Defendant further admits that Plaintiff's work was being supervised by Edward Capozzi and in connection with her work assignments, and that the Defendant law firm governed the terms and conditions of her employment and any personnel policies and procedures. Defendant admits that Edward Capozzi is a white male.

  16. The Defendant admits the allegations of Paragraph 16.

  17. The Defendant denies the allegations of Paragraph 17.  Edward Capozzi is a Member of the Defendant and all Members of the Firm are governed by its Operating Agreement and under the authority of the Executive Committee of the Firm.  Defendant admits that the Managing Member, John Fanburg, is a white male.

  18. The Defendant denies the allegations of Paragraph 18 particularly as it relates to

the last year of the Plaintiff's employment.

19. The Defendant denies the allegations of Paragraph 19 insofar as such allegation suggests that corrective guidance and requests for improvement of performance were not given to the Plaintiff.

20. Defendant admits the allegations of Paragraph 20.

21. The Defendant neither affirms or denies the allegations of Paragraph 21 and leaves Plaintiff to her proofs.

22. The Defendant denies that Edward Capozzi referred to women as described in Paragraph 22.

23. The Defendant denies that Edward Capozzi referred to women as described in Paragraph 23.

24. The Defendant denies the allegations of Paragraph 24.

25. The Defendant denies the allegations of Paragraph 25.

26. The Defendant denies the general allegations of Paragraph 26 in their entirety. The allegations of subparagraphs (a) through (i) are denied.

27. The Defendant admits the allegations of Paragraph 27.

28. The Defendant admits the allegations of Paragraph 28.

29. The Defendant denies the allegations of Paragraph 29.

30. The Defendant denies the allegations of Paragraph 30 to the extent they imply that another employee---who was awarded the designation as an 'Attorney to Watch' by Best Attorney Awards---- was treated more favorably than the Plaintiff. Plaintiff had multiple opportunities to demonstrate that she had the desire and capability to act as trial counsel in personal injury matters and she elected not to develop her skills in that direction.

31. The Defendant denies the allegations of Paragraph 31.

32. The Defendant denies the allegations of Paragraph 32.

33. The Defendant denies the allegations of Paragraph 33. Defendant does admit that case and work assignments are modified on an as needed basis in order to insure that the Firm is providing appropriate and zealous representation to the client.

34. The Defendant admits that it terminated the Plaintiff's at will employment in a private meeting with the Human Resources and Manager of the Firm. The Plaintiff was offered a generous severance package including the continuation of salary and benefits. Plaintiff was terminated since the Personal Injury Group eliminated its "pre litigation" department in which the Plaintiff worked and the Plaintiff did not demonstrate the requisite desire, knowledge and skills to be trial counsel for plaintiff personal injury matters that is the core of this practice.

35. The Defendant denies the allegations of Paragraph 35. Plaintiff was told the reason for her termination was the elimination of the pre litigation group and the reorganization of the group as a result thereof.

36. The Defendant admits the allegations of Paragraph 36.

37. The Defendant admits the allegations of Paragraph 37.

38. The Defendant admits the allegations of Paragraph 38.

39. The Defendant admits the allegations of Paragraph 39.

40. The Defendant denies the allegations of Paragraph 40. The named individual was hired to support the commercial litigation practice of another Member of the Defendant.

41. The Defendant denies the allegations of Paragraph 41.

42. The Defendant denies the allegations of Paragraph 42.

43. The Defendant denies the allegations of Paragraph 43.

44. The Defendant denies the allegations of Paragraph 44.

## AS TO COUNT I – Title VII

45. Defendant repeats the responses contained in paragraphs 1 through 44 above and incorporates them by reference as if fully set forth herein at length.

46. The Defendant denies the allegations of Paragraph 46.

47. The Defendant denies the allegations of Paragraph 47.

48. The Defendant denies the allegations of Paragraph 48.

49. The Defendant denies the allegations of Paragraph 49.

50. The Defendant is without information to affirm or deny the allegations of Paragraph 50 and therefor leaves Plaintiff to her proofs.

## AS TO COUNT II - LAD

51. Defendant repeats the responses contained in paragraphs 1 through 50 above and incorporates them by reference as if fully set forth herein at length.

52. The Defendant denies the allegations of Paragraph 52.

53. The Defendant denies the allegations of Paragraph 53.

54. The Defendant denies the allegations of Paragraph 54.

55. The Defendant denies the allegations of Paragraph 55.

56. The Defendant is without information to affirm or deny the allegations of Paragraph 56 and therefore leaves Plaintiff it her proofs.

## AS TO COUNT III – SECTION 1981

57. Defendant repeats the responses contained in paragraphs 1 through 56 above and incorporates them by reference as if fully set forth herein at length.

58. The Defendant denies the allegations of Paragraph 58.

59. The Defendant denies the allegations of Paragraph 59.

60. The Defendant denies the allegations of Paragraph 60.

61. The Defendant denies the allegations of Paragraph 61.

62. The Defendant is without information to affirm or deny the allegations of Paragraph 62 and therefore leaves Plaintiff it her proofs.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or part, to state any claim upon which relief can be granted.

2. The Complaint is barred for lack of subject matter jurisdiction.

3. The Complaint is barred for lack of personal jurisdiction and/or improper service of process.

4. The Complaint, in whole or part, is barred by the applicable statute(s) of limitations.

5. The Complaint, in whole or part, is barred by the Entire Controversy Doctrine.

6. Plaintiff has not suffered any legally cognizable injury or damage.

7. The Plaintiff is not entitled to recover for a claimed hostile work environment since the totality of the work environment both objectively and subjectively was reasonable and the Defendant's created a work environment in which the Plaintiff could have succeeded if she desired to do so.

8. The totality of the conditions complained of by the Plaintiff were neither continuous or outrageous so as to amount to a hostile work environment.

9. Defendant exercised reasonable care to prevent and to correct promptly any actions that could be construed as creating or fostering a hostile work environment.

10. The Plaintiff employee unreasonably failed to take advantage of reporting, preventive, or corrective opportunities provided by the Defendant or to otherwise avoid harm.

11. Any legally cognizable injury or damage that Plaintiff has suffered, to the extent

any was suffered, was caused either in whole or in part by the acts or omissions of Plaintiff and not as a result any conduct by Defendant.

12. Any legal cognizable injury or damage that Plaintiff has suffered, to the extent any was suffered, was caused either whole or in part by the acts or omissions of third parties over whom Defendant did not have any control.

13. Any legal cognizable injury or damage that the Plaintiff has suffered, to the extent that any was suffered, was not actually or proximately caused in whole or in part by Defendant.

14. Plaintiff's claims are barred, or recovery from Defendant must be reduced or eliminated, under general equitable principles, including the equitable doctrine of unclean hands, laches, waiver, release and/or estoppel.

15. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to otherwise avoid harm.

16. Plaintiff's claims are barred in whole or in part because Defendant did not engage in any willful or malicious acts.

17. Plaintiff's claims are barred in whole or in part because Defendant acted in good faith.

18. Without conceding that any act of Defendant has caused any damage to Plaintiff, if Plaintiff sustained any damages as the result of the acts alleged in the Complaint, which Defendant denies, then Plaintiff has failed and neglected to mitigate its damages and to the extent of such failure to mitigate, any damages awarded to Plaintiff must be reduced.

19. Defendant did not ratify or condone in any manner whatsoever any wrongdoing or any violation of any of Plaintiff's rights.

20. Plaintiff's claims are frivolous.

7

21. Plaintiff's allegations and damages must be discounted to the extent her pleadings and claims seek duplicative damages.

22. Defendant reserves the right to amend this Answer and to raise and rely upon any additional defenses that they determine during the course of discovery are appropriate and applicable to Plaintiff's claims.

## DESIGNATION OF TRIAL COUNSEL

Defendant hereby designates Charles X. Gormally, Esq., as lead trial counsel.

## JURY DEMAND

Defendant hereby demands a trial by jury.

## DEMAND FOR STATEMENT OF DAMAGES CLAIMED

In accordance with L. Civ. R. 8.1, demand is hereby made for Plaintiff to provide Defendant with a written statement of the amount of damages claimed within fourteen (14) days after service of this Answer.

**BRACH EICHLER LLC**

By: */s/ Eric Magnelli*
Charles X. Gormally, Esq.
Eric Magnelli, Esq.
101 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-5700
cgormally@bracheichler.com
emagnelli@bracheichler.com
*Pro Se Attorneys for Defendant*
*Brach Eichler, LLC*

Dated: February 20, 2023